The facts as set forth in the bill were not varied either by the answer or the testimony; from the latter it appeared, incidentally, that the plaintiff had sued at law upon the covenants in the deed to McConnell, and that the suit was decided against him as late as 1800, 1 N.C. (Taylor's Reports, 82).
When this cause was first opened I thought that the great length of time which elapsed after the eviction, before the filing of this bill, formed a bar; but on reflection I am satisfied that it does not. Lapse of time is matter of defense; and in cases such as this, where lapse of time is of itself no bar, but affords a presumption only of a fact which is a bar; it is not cause for demurrer; but in cases where lapse of time of itself forms a bar, as in cases where the statute of limitations may be pleaded, then it is cause for demurrer, according to the late English decisions, recognized arguendo, in this Court, in Falls v. Torrance, 11 N.C. 412. For, as Lord Thurlow says, the bill should contain the facts, not evidence; and the reasons why a suit has not been sooner brought is evidence to repel the presumption of fact which forms a bar, and which arises from such (32) omission. The defendant, if he intended to rely on the lapse of time as a ground of defense, should have insisted on it in his answer. *Page 26 
The plaintiff would then have been prepared to repel it, if he could; and the defendant having omitted to make that defense, affords reason to believe that, if made, it could have been repelled.
The only other objection is, Why did not the plaintiff sue on his covenant at law? The answer is that he could not sue in his own name, for in Montgomery's deed to McConnell it is stated that the lot belonged to his daughter; and there being affirmation against affirmation, estoppel against estoppel, no estate passed to McConnell by the deed of bargain and sale. The covenants in the deed were therefore mere personal covenants with McConnell, not annexed to any estate, and did not pass to Nesbit by McConnell's deed to him, as was decided many years ago, at Salisbury, by the Chief Justice, in an action brought on this very deed. Nesbit v.Montgomery, 1 N.C. 181.
Nesbit's only remedy, therefore, was in this Court, for McConnell became Nesbit's trustee, as to those covenants, when he conveyed the land to him, and in equity Montgomery was bound to fulfill them to him. As to the agreement to restore double the consideration in case of eviction, we must look upon that as a penalty only, if for no other reason than the one that is expressed in the deed, to wit, that Montgomery shall also pay, over and above double the consideration, all damages which McConnell might sustain upon or on account of an eviction. There is no pretense, therefore, to say that the parties have agreed on a sum as liquidated damages contrary to their express agreement; besides, liquidated damages are favored nowhere, and less in courts of equity than elsewhere.
(33) The master will therefore take an account of the principal and interest, from the time the consideration money was paid to the present time, making the sum mentioned in the deed the amount of principal, and adding 25 per cent to equalize the proclamation money to our present currency. He will also take an account of assets in the hands of the defendant. As great lapse of time has taken place, the master may state any fact which, in his opinion, may tend to diminish the interest, or which the parties may desire; he will also deduct the war interest.